**Rabih Nagib ABOUAYASH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71943.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2007.

Filed May 29, 2007.

Susan E. Hill, Esq., Hill Piibe & Villegas, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, Esq., Molly L. Debusschere, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FISHER and CLIFTON, Circuit Judges, and MARTINEZ, District

Judge.*

## MEMORANDUM **

Rabih Nagib Abouayash, a native of Lebanon, petitions for review of the BIA's denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

■ Abouayash exhausted his claim of past persecution by sufficiently raising that issue both in his notice of appeal to the BIA and in his short brief filed during that appeal. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc).

■ The IJ erred in requiring that Abouayash demonstrate that he was a high-ranking member of the Druze militia. The IJ appears to have based this requirement on a country report from the Immigration and Refugee Board of Ottawa. But that report refers to high-ranking members *of Hezbollah* who "later became involved in anti-Hezbollah activities" and thus would be at risk from Hezbollah. Contrary to the IJ's assumption, the report also states that individuals such as Abouayash who had never belonged to Hezbollah would be at risk from that organization if they collaborated with Israel on security and intelligence matters, regardless of whether they were leaders of an anti-Hezbollah group. Thus the Ottawa report corroborates Abouayash's credible testimony. No document in the record supports the IJ's view. Moreover, even if we assumed the IJ's reading of the country reports were accurate, he still would have erred by favoring general country reports over Abouayash's credible and specific testimony regarding his individual experience, *see Zheng v. Ashcroft*, 397 F.3d 1139, 1143–44 (9th Cir.2005) (as amended), and by requiring documentary evidence to corroborate Abouayash's credible testimony, *see Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000) (per curiam).

■ Abouayash provided compelling evidence that he has a well-founded fear of future persecution by testifying credibly that he was briefly imprisoned and beaten by Hezbollah, that after his release Hezbollah had been constantly searching for him, that he was constantly fleeing from Hezbollah, that Hezbollah made threats that they would "get [him] one of these days," that they physically attacked his brother and that they killed his associates who had trained with him in Israel. *See Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir.2004); *Chouchkov v. INS*, 220 F.3d 1077, 1083–84 (9th Cir.2000). We do not decide whether Abouayash has also established past persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005) (as amended) (stating that an asylum applicant may establish eligibility for asylum either indirectly by showing past persecution or directly by proving a well-founded fear of future persecution).

Accordingly, we remand to the agency for further proceedings, accepting that Abouayash has established a well-founded fear of future persecution, to determine his eligibility for asylum, withholding of removal and relief under the CAT. *See Marcos v. Gonzales*, 410 F.3d 1112, 1121 (9th Cir.2005). We also note that Abouayash failed to provide his fingerprints to the IJ. We thus also remand for the agency to allow him to satisfy that and any other administrative prerequisites to asylum.

---

* The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION GRANTED; REMAND-ED.